IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES A. WILSON, | § | |
| | § | No. 480, 2016 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1304003168 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: February 16, 2017
Decided: April 27, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 27th day of April 2017, upon consideration of the appellant's brief filed under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:

(1) In March 2016, a Superior Court jury convicted the defendant-appellant, James A. Wilson, of one count each of Assault in the Second Degree and Disregarding a Police Officer's Signal, and three motor vehicle offenses. The jury acquitted Wilson of Possession of a Deadly Weapon during the Commission of a Felony ("PDWCF"). On September 13, 2016, after a presentence investigation and upon the State's motion, the Superior Court declared Wilson to be a habitual offender and sentenced him to a total period of

seven years at Level V incarceration, followed by one year of probation. This is Wilson's direct appeal.

(2) Wilson's counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, counsel informed Wilson of the provisions of Rule 26(c) and gave him a copy of the motion to withdraw and the accompanying brief and appendix. Wilson also was informed of his right to supplement his attorney's presentation. Wilson has raised five issues for the Court's consideration. The State has responded to the Rule 26(c) brief and Wilson's points and has moved to affirm the Superior Court's judgment.

(3) The trial record fairly reflects that, on April 4, 2013, Dover police had a warrant to search a business called Many Things located on West Loockerman Street in Dover. The warrant also authorized police to search the persons of James Wilson and Leonard Ingram, the business' owners. When police arrived, neither man was in the building. One of the detectives left the building and recognized Wilson standing nearby on the sidewalk next to a car. The detective directed nearby back-up officers to detain Wilson. The back-up officers, who were in full tactical uniform with the word "POLICE" written on the front and back, pulled their vehicle in front of Wilson's vehicle. They exited

2

their vehicle with their weapons drawn, identified themselves as police officers, and ordered Wilson to stop. Wilson did not stop. Instead, he pulled away from the officers in reverse, backed up his car into a parking lot and then drove away from the officers in the opposite direction. One block later, Wilson ran a red light and broadsided a pick-up truck, injuring the driver.

(4) At the close of the State's evidence, Wilson's counsel filed a motion for a judgment of acquittal, which the Superior Court denied. Wilson then testified at trial that he fled when he saw officers approaching him with guns drawn because he thought they were going to shoot him. His panic led to the car accident, but he asserted that he never intended to assault anyone. The jury convicted Wilson of second degree assault and disregarding an officer's signal, as well as related traffic offenses, but acquitted him of PDWCF.

(5) Wilson raises five issues in response to his counsel's Rule 26(c) brief on appeal. First, he contends that his arrest was illegal because the search warrant did not authorize his seizure outside of the Many Things building. Second, Wilson asserts that the evidence was insufficient to prove second degree assault because the jury acquitted him of PDWCF. Third, he contends that the evidence was insufficient to prove a felony charge of disregarding an officer's signal. Fourth, he argues that the evidence was insufficient to prove second degree assault because he lacked the requisite state of mind. Finally, he

3

contends that his trial counsel was ineffective. Because this Court will not consider a claim of ineffective assistance of counsel for the first time on direct appeal,[1] we only address Wilson's first four claims.

(6) The standard and scope of review applicable to the consideration of defense counsel's motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal; and (b) the Court must conduct its own review of the record in order to determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]

(7) Wilson's first claim on appeal is that his arrest was illegal because the search warrant did not authorize the police to seize him outside of the Many Things building. Wilson raised this issue in a pretrial motion to dismiss the indictment.[3] The Superior Court held a hearing on the motion on March 7, 2016. Wilson argued that the search warrant was not an arrest warrant and that the police were not authorized to seize or search him outside of the premises

---

[1] *Johnson v. State*, 962 A.2d 233, 234 (Del. 2008).

[2] *Penson v Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[3] The pretrial motion was docketed as a "Motion to Suppress." The relief sought in the document, however, requested dismissal of the indictment due to an illegal arrest.

4

authorized to be searched. The Superior Court denied Wilson's motion, holding that the search warrant specifically authorized the search of Wilson's person and did not require that the search of his person take place inside the Many Things building. Thus, the police were authorized under the warrant to seize Wilson outside of the premises of Many Things for the purposes of executing the search warrant.

(8)     Generally, we review a trial court's denial of a motion to dismiss counts of an indictment for abuse of discretion.[4] We review *de novo* a trial court's legal conclusions and a defendant's claim of an infringement of a constitutional right.[5] If the denial of the pretrial motion is based upon the trial court's factual findings, we will uphold those findings if they are supported by sufficient evidence and are not clearly erroneous.[6]

(9)     In the present case, Wilson does not challenge the validity of the warrant itself. Instead, he argues that the police exceeded the scope of the warrant. Under 11 *Del. C.* § 2305, a warrant may be issued to "authorize the search of any *person*, house, building, conveyance, place or other things...."[7] The warrant in this case explicitly authorized the search of Wilson's person, as

---

[4] *Carletti v. State*, 2008 WL 5077746, * 3 (Del. Dec. 3, 2008).

[5] *Ridgeway v. State*, 2013 WL 2297078, *2 (Del. May 23, 2013).

[6] *Id.*

[7] 11 *Del. C.* § 2305 (emphasis added).

5

well as the Many Things building. Contrary to his argument, the scope of the warrant did not restrict the execution of the search of Wilson's person to the premises of Many Things. Thus, the police were authorized to seize Wilson outside of the Many Things building for purposes of executing the valid search warrant of his person. We find no abuse of the Superior Court's discretion in denying Wilson's pretrial motion in this case.

(10) Wilson's remaining three claims all challenge the sufficiency of the evidence to support his convictions. As to his second degree assault conviction, Wilson argues that the evidence was insufficient to convict him because the State failed to prove that he acted intentionally and because the jury acquitted him of PDWCF. Under the rule of jury lenity, however, this Court may uphold a conviction that is inconsistent with another jury verdict if there is legally sufficient evidence to justify the conviction.[8]

(11) The Superior Court instructed the jury that, in order to convict Wilson of second degree assault as charged in the indictment, it must find beyond a reasonable doubt that Wilson intentionally or recklessly caused physical injury to the victim by means of a deadly weapon or dangerous instrument.[9] The jury was further instructed that a dangerous instrument means

---

[8] *Tilden v. State*, 513 A.2d 1302, 1306-07 (Del. 1986).

[9] 11 *Del. C.* § 612(a)(ii).

6

"any instrument, article or substance which, under the circumstances in which it is used…is readily capable of causing death or serious physical injury."[10] The jury also was instructed that serious physical injury is a "physical injury which creates a substantial risk of death, or which causes serious and prolonged disfigurement, prolonged impairment of health or prolonged loss or impairment of the function of any bodily organ."[11]

(12) In this case, the State presented evidence that Wilson, while trying to elude officers executing a valid search warrant, ran a red light and broadsided the victim's truck. The jury saw videotaped evidence of the crash. Moreover, the victim testified about the nature and extent of his injuries, which required six staples to his head and resulted in several ruptured discs for which he was still undergoing therapy three years later. Viewing this evidence in the light most favorable to the State, we conclude that any rational juror could have found Wilson guilty beyond a reasonable doubt of second degree assault by recklessly causing serious physical injury to the victim by means of a dangerous instrument.[12] To the extent that the jury's guilty verdict on the second degree assault charge is inconsistent with its acquittal of Wilson on the PDWCF, as

[10] *Id.* § 222(4).

[11] *Id.* § 222(26).

[12] *Tilden v. State*, 513 A.2d at 1307 (*citing Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

7

Wilson argues, we find the rule of jury lenity has proper application to explain the inconsistency.[13]

(13) Wilson's final argument is that the evidence was insufficient to prove him guilty of a felony-level charge of disregarding an officer's signal. The Superior Court instructed the jury that in order to find Wilson guilty of the charge, it had to find beyond a reasonable doubt that Wilson was driving a motor vehicle, had received a visual or audible signal from a police officer to stop, and disregarded the signal.[14] In this case, the State's evidence established that police officers in tactical gear with the word "POLICE" on their vests ordered Wilson to stop his car, and Wilson refused to obey the command. The evidence was sufficient to prove the charge of disregarding an officer's signal beyond a reasonable doubt.

(14) The Court has reviewed the record carefully and has concluded that Wilson's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Wilson's counsel has made a conscientious effort to examine the record and has properly determined that Wilson could not raise a meritorious claim in this appeal.

---

[13] *Id.* at 1306-07.

[14] 21 *Del. C.* § 4103(b).

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

_____
Justice